Dear Mr. Mosley:
This opinion is a reconsideration of an Atty. Gen. Op. No. 99-170 which pertained to the residency requirements for a parish coroner and deputy coroners. Therein it was concluded the only qualification provided for a coroner by R.S. 33:1554 was that the coroner shall be a physician "licensed by the Louisiana State Board of Medical Examiners to practice medicine in the state of Louisiana", and "this requirement shall be waived in any parish in which no licensed physician qualifies to run for the office", and for deputy coroners R.S. 33:1555 set forth deputies or assistant coroners "need not be residents of the parish". Therein it was concluded, "Accordingly, we find nothing that mandates either the coroner or a deputy coroner must be a resident of the parish in which they serve."
Since the issuance of that opinion Act 636 of 1999 was enacted to amend and reenact R.S. 33:1554 to become effective on September 1, 1999 and to apply to all elections for the office of coroner held on or after the effective date. Having been signed by the Governor on July 1, 1999, it provides as follows:
 A. The coroner shall be a physician licensed by the Louisiana State Board of Medical Examiners to practice medicine in the state of Louisiana. This requirement shall be waived in any parish in which no licensed physician qualifies to run for the office.
 B. The coroner shall be a resident of the parish. However, a licensed physician who is not a resident of the parish but who maintains a full-time medical practice at a principal medical office facility in the parish may qualify for and hold the office.
Thus, the law now provides along with the requirement that the coroner be licensed to practice medicine in this state, that the coroner must be a resident of the parish in which he serves or have a full-time medical practice with a principal medical office in the parish that he serves.
We find no amendment to the provisions of R.S. 33:1555
which as previously noted sets forth that the deputies or assistant coroners "need not be residents of the parish." We must conclude this is an exception to the further provision of the statute that "they shall possess the same qualifications as the coroner".
Therefore, in accordance with the amendment of R.S. 33:1554
we find while the deputy coroner need not be a resident of the parish in which he serves, a coroner elected after September 1, 1999 must either be a resident of the parish where he will serve or maintain a principal medical office in the parish.
We hope this sufficiently clarifies the response to your inquiry pursuant to law as amended and to become effective for elections after the first of September.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR